IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:16-CR-00178 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QUAN LEROY GROSS | : | Judge Sylvia H. Rambo |

## MEMORANDUM AND ORDER

Presently before the Court for disposition is a second motion for compassionate release and reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), filed by *pro se* Defendant Quan Leroy Gross on June 28, 2021. (Doc. 105). Mr. Gross asks the Court to reduce the term of his imprisonment from 180 months to time served, or alternatively to modify his term of supervised release so that he may serve the remainder of his sentence in home confinement, in consideration of his health conditions and the COVID-19 pandemic. For the reasons set forth below, the motion will be denied.

### I.   BACKGROUND

On November 30, 2017, Mr. Gross pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and was sentenced to a total term of 180 months of imprisonment[1] followed by 3 years of

---

[1] This term of imprisonment was to run consecutive to Mr. Gross's anticipated state court sentences imposed in York County.

supervised release. (Doc. 81). Mr. Gross is presently incarcerated at the Federal Correctional Institution at Fort Dix ("FCI Fort Dix") and has a projected release date of June 3, 2029.[2]

On June 3, 2020, Mr. Gross filed his first motion for compassionate release, which the Court denied on October 23, 2020. (Docs. 96, 104). Specifically, the Court found that Mr. Gross' obesity and hypertension did not rise to the level of extraordinary and compelling circumstances justifying compassionate release, and that the Section 3553 factors did not weigh in favor of reducing Mr. Gross' sentence. (Doc. 104, p. 4). Mr. Gross has now filed a second motion for compassionate release, which raises the same or similar grounds that the Court previously considered in his first motion for compassionate release.[3] (Doc. 105). As the facts of this case have not otherwise changed, the Court now evaluates Mr. Gross's motion without a responsive brief from the Government.

## II.   DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may move the sentencing court to reduce his or her term of imprisonment. To do so, the defendant must first request

---

[2] *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed July 16, 2021).

[3] The Third Circuit has found that "district courts have jurisdiction to consider successive § 3582(c)(2) motions." *United States v. Henderson*, ---F. App'x ----, No. 21-1653, 2021 WL 2156910, at *1 n.1 (3d Cir. May 27, 2021) (citing *United States v. Weatherspoon*, 696 F.3d 416, 421-22 (3d Cir. 2012)).

that the Bureau of Prisons file such a motion on his or her behalf, and may only move after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

If the defendant complies with this exhaustion requirement, the court may reduce his or her term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that extraordinary and compelling reasons warrant such a reduction, and that the reduction is consistent with the applicable policy statements by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). Under the Sentencing Commission's relevant policy statement, the court must also find that the defendant is not a danger to the safety of any person or the community as provided in 18 U.S.C. § 3142(g). USSG § 1B1.13.2

At the outset, although the instant motion states that Mr. Gross has unquestionably exhausted all of his claims, the administrative efforts he describes seemingly pertain to his previously filed motion for compassionate release. (Doc. 105, at 2). As described by a sister court within this circuit:

> . . . [T]here is certainly [an] argument to be made that exhaustion in one instance does not continue to apply indefinitely to successive motions for compassionate release, particularly where . . . a defendant sets forth bases for such relief that differ from h[is] initial administrative request to BOP.

*United States v. Urzua*, No. 16-CR-312-WJM, 2021 WL 858699, at *2 (D.N.J. Mar. 8, 2021).

Accordingly, without deciding whether "successive compassionate release motions must independently satisfy the exhaustion requirement," *United States v. Cain*, No. 1:16-CR-00103-JAW-1, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) (citation omitted), the Court is not necessarily convinced that Mr. Gross has properly exhausted his administrative remedies prior to seeking judicial review.

Assuming *arguendo* that Mr. Gross has satisfied the exhaustion requirement, however, the Court is still not persuaded that extraordinary and compelling circumstances exist to warrant compassionate release. Similar to his previous motion for compassionate release, Mr. Gross argues that his obesity, hypertension, pre-diabetes, hyperlipidemia, anxiety, gastrointestinal issues and history of smoking[4] are underlying medical conditions that place him at an increased risk of suffering from severe illness related to COVID-19 should he contract the virus. Mr. Gross also argues that the Bureau of Prison's ("BOP") overall failure to mitigate the spread of the coronavirus across its facilities, as well as the staggering number of COVID-19 cases reported at FCI Fort Dix, constitute extraordinary and compelling reasons that support his release.

---

[4] Mr. Gross further states that he has recently developed tachycardia and shortness of breath. (Doc. 105, at 5).

4

As outlined in the Court's former Order denying Mr. Gross' first motion for compassionate release, the Centers for Disease Control and Prevention ("CDC") has recognized that obesity places individuals at a higher risk of experiencing severe symptoms from COVID-19. The CDC has also indicated that hypertension might place individuals at a particularly high risk of grave illness should they contract the coronavirus. Nonetheless, despite past outbreaks at his facility, FCI Fort Dix is currently reporting zero active cases of COVID-19 amongst inmates and staff members.[5] *See* Federal Bureau of Prisons, COVID-19 Coronavirus, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed July 16, 2021). Accordingly, the Court finds that Mr. Gross' underlying medical conditions, compounded with the fact that the spread of COVID-19 appears to be under control at FCI Fort Dix, do not constitute extraordinary and compelling reasons for his release. *See United States v. Freed*, No. 2:11-CR-00132-NR, 2020 WL 5604057, at

---

[5] The Court acknowledges that FCI Fort Dix previously experienced a significant outbreak of COVID-19 cases, with the BOP's website reporting that 1,719 inmates and 95 staff members have recovered from the virus and that 2 inmates have died from the virus. *See* Federal Bureau of Prisons, COVID-19 Coronavirus, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed July 16, 2021). Further, as noted by Mr. Gross, "[s]everal courts have granted compassionate release motions of defendants housed at FCI Fort Dix." *United States v. Adeyemi*, 470 F. Supp. 3d 489, 513 (E.D. Pa. 2020) (collecting cases). However, the threat of COVID-19 at FCI Fort Dix alone is insufficient to provide "extraordinary and compelling reasons" for Mr. Gross' release. *See United States v. Johnson*, No. CR 2:08-374, 2021 WL 409830, at *9 n.6 (W.D. Pa. Feb. 5, 2021), *aff'd*, 848 F. App'x 60 (3d Cir. 2021) ("If the COVID-19 conditions at FCI Fort Dix constituted extraordinary and compelling reasons for [] release, every prisoner at that facility would be *eligible* for compassionate release. . . ."). Further, with no confirmed cases of COVID-19 currently being reported at FCI Fort Dix, Mr. Gross does not appear to be at imminent risk of contracting the virus.

\*6 (W.D. Pa. Sept. 18, 2020) *aff'd*, 845 F. App'x 198 (3d Cir. 2021) (holding that, without showing that the inmate was "at a uniquely heightened risk of direct COVID-19 exposure," complaints of "generalized risks that apply to every inmate at Fort Dix and elsewhere" did not warrant compassionate release); *see also United States v. Somerville*, 463 F. Supp. 3d 585, 596-97 (W.D. Pa. 2020) (explaining that, to constitute extraordinary and compelling circumstances, "a prisoner seeking release due to COVID-19 must at least show: (1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a uniquely high risk of grave illness or death if infected by COVID-19; *and* (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held") (emphasis added).

Moreover, as previously explained by the Court, a balance of the factors outlined in 18 U.S.C. § 3553(a) weighs against a sentence reduction in this case. Specifically, despite his rehabilitation efforts during his period of incarceration,[6] the Court is not assured that Mr. Gross does not remain a danger to society given the seriousness of his underlying offense and criminal history. Further, considering that Mr. Gross has served less than half of his total 180-month sentence, his premature release would undermine the objectives of imposing a sentence that protects the

---

[6] Mr. Gross points to certain post-offense conduct—including his lack of infractions, steady employment as commissary manager, and participation in programming, religious services, and vocational training—as evidence that his early release would not pose a danger to the community if released. (Doc. 105, at 18).

public, affords adequate deterrence, and reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. *See* 18 U.S.C. § 3553(a)(1)-(2). Accordingly, as the § 3553(a) factors counsel in favor of continued incarceration, Mr. Gross' release under the compassionate release statute is not appropriate.[7]

**AND NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Mr. Gross' successive motion for compassionate release and reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 105) is **DENIED**.

*s/Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: July 21, 2021

---

[7] Insofar as Mr. Gross seeks to serve the remainder of his sentence in home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136, § 12003, his motion is denied. *See United States v. Cruz*, 455 F. Supp. 3d 154, 159 (M.D. Pa. 2020) (holding that "the determination of which inmates qualify for home confinement under the CARES Act is with the BOP Director," and not the federal sentencing court); *see also United States v. Delacruz*, No. 3:17-CR-201, 2020 WL 3405723, at *4 (M.D. Pa. June 19, 2020) ("The determination of an inmate's place of incarceration is committed to the discretion of the BOP director.") (citations omitted).